Attachment to Detention Order – Brock (23-cr-26)

**Defendant's evidence/arguments for release:**

Mr. Brock, a convicted felon charged with committing two separate armed robberies of Brinks armored trucks, requested his release pending trial. The government proffered that Mr. Brock was a participant in two robberies, which took place on October of 2021 and March of 2022. Mr. Brock challenged this proffer and the government's evidence, arguing that the evidence did not link Mr. Brock to the exact offenses. Mr. Brock argued that he lived near the location of the robberies, so the evidence linking Mr. Brock's physical presence to the scene of the crime was conclusory and insubstantial. Mr. Brock further argued that the government failed to proffer evidence suggesting that Mr. Brock himself used a firearm. Mr. Brock requested that the Court should instead release him and reinstate his previous conditions of release imposed by the D.C. Superior Court.

**Nature and circumstances of the offense(s):**

This factor weighs in favor of pretrial detention. Mr. Brock was charged with participating in two armed robberies of Brinks trucks with other individuals—these robberies resulted in a substantial amount of money stolen. Given the nature of these robberies and the involvement of a firearm, the first factor favors detention.

**Strength of the government's evidence:**

This factor also weighs in favor of pretrial detention. For the October 2021 robbery, the government proffered that they have a wide range of evidence demonstrating Mr. Brock's involvement in the robbery: video surveillance show that he acted as the "look out" for the other individuals involved in the robbery; GPS monitoring indicates that he was present during the robbery; phone records link Mr. Brock to participants known to be involved in the robbery; and DNA evidence appeared on the vehicle used in the robbery.

The government proffered a variety of evidence showing Mr. Brock's involvement in the March 2022 robbery as well. This evidence includes cell tower data, which placed Mr. Brock at the location of the robbery. Fingerprints were found on a money band in the escape vehicle, and phone records show that he was in communication with active participants. In addition, search warrants revealed photographs with large sums of cash after the incident.

The defense argues that there was no evidence tying Mr. Brock to the firearms used in the robberies, and that there are other explanations for why Mr. Brock was in the area of the crime scene. The evidence, however, is strong and substantial enough to weigh in favor of pretrial detention.

**Defendant's history and characteristics:**

Balancing the positive and negative considerations of Mr. Brock's history and characteristics, this factor ultimately weighs in favor of pretrial detention. Mr. Brock has a criminal history involving assaults and firearm offenses, including a currently pending Superior Court matter in which he is alleged to have been involved in another armed robbery and shooting. Mr. Brock was found to have stabbed an individual while he was in custody in connection with a different criminal matter. At the time of his most recent arrest, in January of 2023, a firearm was recovered near where he was sleeping.

Mr. Brock has had prior unsuccessful stents of supervision—he was on supervision at the time of the October 2021 robbery. Mr. Brock asserts that he has been compliant with his supervision conditions prior to his most recent arrest, which is a positive factor. In addition, Mr. Brock does have family support. While there are a mix of positive and negative factors, the negatives weigh in favor of detention.

Attachment to Detention Order – Brock (23-cr-26)

**Defendant's dangerousness/risk of flight:**

If the Court released Mr. Brock, he would potentially engage in dangerous or violent activity, which could include obtaining a firearm, engaging in a robbery, assault, or other similar behavior. Mr. Brock was released in connection with a pending Superior Court matter which does show that he lived in the community for a few months without committing any crimes—except the government asserts he possessed a firearm at the time of his arrest most recently. This factor is closer than the others, but in light of the repetitive violent acts and nature of the two armed robberies at issue in this case, the danger posed to the community is too great to be mitigated by release conditions. As such, this factor favors pretrial detention.

Weighing all four factors, the Court finds that the government has demonstrated by clear and convincing evidence that there are no release conditions the Court could set to ensure the safety of the community. Therefore, the Court orders that Mr. Brock be held without bond pending trial.