IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>WILLIAM BROCK<br>         Defendant. | Case No: 23-CR-26 (RCL) |

**DEFENDANT BROCK'S MOTION
TO SUPPRESS GPS EVIDENCE**

COME NOW Defendant William Brock, through appointed counsel, John Pierce, and respectfully moves this Court to suppress evidence of GPS ankle monitoring data that the Government intends to offer at trial. This Motion is based on this motion and memorandum of points and authorities, the exhibits attached thereto, and any argument at the hearing thereon.

    I.    <u>Introduction</u>

The government indicates it intends to present evidence of GPS monitoring data from a device being worn by William Brock on the date of the first robbery charged in the indictment, October 5, 2021. This motion seeks to suppress the unlawfully collected GPS data.

Brock was released to supervision in July 2020 following a custodial sentence imposed by the DC Superior Court on November 30, 2017. The Court Services and Offender Supervision

Agency ("CSOSA") immediately affixed a GPS ankle monitor to Brock in the mistaken belief that it had been ordered by the Superior Court as a condition of his supervision. But neither the Court's oral recitation at Brock's sentencing hearing in November 2017, nor the two-page Judgment and Commitment Order form, make any reference to GPS monitoring as a condition of supervision following Mr. Brock's custodial sentence. CSOSA affixed the GPS monitor in error.

## II.   Statement of Facts

On November 30, 2017, the Hon. Maribeth Raffinan, Associate Judge of the District of Columbia Superior Court, issued Brock a custodial sentence at a hearing that consolidated case numbers 2016 CF2 6128, 2016 CF2 7379 and 2017 CF3 3100, followed by concurrent one-year terms of probation and concurrent three-year terms of supervised release. (Judgment and Commitment Order, attached as Exh A; Transcript of Sentencing Hearing, attached as Exh B, at 11, line 6 to 12, lines 1 – 4). Judge Raffinan made no mention of any specific terms or conditions of supervision at the sentencing hearing. (Exh B at 11 – 13.) Judge Raffinan also issued a Judgment and Commitment Order on November 30, 2017 (Exh A). The second page of the Judgment and Commitment Order is identified as Judgment Page 2 of 2. Page two provides space to identify general and special conditions to be imposed for probation. Judge Raffinan placed Mr. Brock on one-year of supervised probation to follow custody, identifying ten general conditions of probation. None of the ten general conditions include GPS monitoring. Judge Raffinan also imposed one special condition of probation, requiring Brock to "cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with written notice from your CSO." There are no other special conditions identified on "page 2 of 2" of the Judgment and Commitment Order, and there is specifically no mention of GPS monitoring on the two-page order.

There is a third page affixed to the Judgment and Commitment Order in the court file, but it is identified as "Court Services and Offender Supervision Agency Intervention Plan Page 19," which lists seven items, the last of which is to "Comply with Global Positioning System (GPS) monitoring, as directed by the supervision officer." There is nothing in the two-page Judgment and Commitment Order referencing or incorporating whatever page 19 is with respect to a CSOSA document of some kind.

Brock served his custodial sentence and was released on or about July 23, 2020. (Trial Transcript from Superior Court Case No. 2020 CMD 8721, October 5, 2021, attached as Exh C, at 31, lines 10 – 11.) The CSOSA supervising officer, Jane Chappell, ensured a GPS monitor was affixed to his ankle at the very start of his period of supervision. (Exh C at 31, lines 12 - 20.) The GPS monitor was affixed because Chappell understood it was ordered by the sentencing judge as a condition of supervision. (Exh C at 33, lines 9 - 14.) However, Chappell further testified that the GPS monitor was not a condition ordered by the Court, but rather added by CSOSA as part of its intervention plan. (Exh C at 36 – 37.) CSOSA has discretion to impose GPS monitoring on a supervisee as a sanction for failure to comply with conditions of release, but Brock's GPS was affixed immediately and not as a result of a sanction. (Exh C at 37 – 38.)[1] In short, CSOSA affixed the GPS monitor at the start of Brock's probation because it believed it was ordered by the Court. (Exh C at 36 - 38).

---

[1] CSOSA's published Policy Statement 4008, "Global Positioning System (GPS) Tracking of Offenders," effective May 7, 2009, https://www.csosa.gov/wp-content/uploads/bsk-pdf-manager/2018/03/4008_gps_tracking_050709.pdf (last visited August 18, 2023), sets forth the procedures CSOSA follows in connection with the imposition of GPS tracking of offenders. The Policy Statement provides that an offender under supervision may be referred for placement on GPS as a sanction if, among other things, the offender is re-arrested and released into the community pending further judicial action, or if the offender is unemployed, at a maximum or intensive level of supervision, and not actively searching for employment or in school or a training program.

The legality of affixing the same GPS monitor on Brock's ankle was previously litigated in District of Columbia Superior Court in Case No. 2020 CMD 8721.  In that case, the government charged Brock with the crime of Tampering with a GPS Device in violation of D.C. Code § 22-121 l(a)(l)(C).  Brock moved for a judgment of acquittal at the close of trial, which the Hon. Judith Smith of the D.C. Superior Court granted on the grounds that there was no lawful basis to affix the monitor at the outset of Brock's period of supervision.  (Trial Transcript from Superior Court Case No. 2020 CMD 8721, October 8, 2021, attached as Exh D, at 16 to 18.)  CSOSA affixed the GPS monitor on Brock as if it was a condition of probation ordered by the court, but it was not ordered by the court.  Instead, CSOSA improperly affixed the GPS monitor on its own without court authority.  On that basis, Judge Smith ordered a judgment of acquittal in the government's prosecution of Brock for tampering with the GPS monitoring device – the same device that generated the data the government will seek to admit in this case – on the grounds that CSOSA affixed the GPS monitor believing it was ordered by the court, but it was not ordered by the court.

      III.    <u>Argument</u>

One court, the District of Columbia Superior Court, previously considered whether Brock could be guilty of tampering with the GPS device from which the government will offer evidence in this case and found that the GPS device never should have been affixed at all.  Since it was unlawfully affixed at the outset, all data from the GPS device must be suppressed.

Every citizen has an expectation of privacy under the Fourth Amendment to the U.S. Constitution, and an unauthorized GPS monitoring device tracking a citizen's every move violates that expectation of privacy. <u>United States v. Jones</u>, 565 U.S. 400 (2012).  "The Fourth Amendment provides in relevant part that "[t]he right of the people to be secure in their persons,

houses, papers, and effects, against unreasonable searches and seizures, shall not be violated.'" Jones, at 404.  Absent an authorized "search," Brock had an expectation of privacy of his person.  Affixing the GPS at the outset of his supervision without court order constituted an unauthorized search.  Moreover, one's movements, even in public, are still protected by the Fourth Amendment.  "A person does not surrender all Fourth Amendment protection by venturing into the public sphere. To the contrary, 'what [one] seeks to preserve as private, even in an area accessible to the public, may be constitutionally protected.'"  Carpenter v. United States, 138 S. Ct. 2206, 2217 (2017), *quoting* Katz v. United States, 389 U.S. 347, 351–352, 88 S.Ct. 507 (1967).  As such, by affixing Brock's GPS monitor as and when it did, and then collecting data therefrom when he was out and about in public for use in a criminal prosecution, the government violated Brock's Fourth Amendment rights.

While Courts have denied suppression of data from GPS monitors affixed to supervisees on the grounds that supervisees on GPS have a lower expectation of privacy (*see, for example*, U.S. v. Jackson, 214 A.2d 464 (2019) and Atchison v U.S., 257 A.3d 524 (2021)), in each of those cases the GPS monitor was affixed properly as a court ordered condition of the supervision or as a result of a sanction for enumerated violations during supervision.  Not so here.  Brock's GPS monitor was affixed from the outset of supervision without the court ordering it as a condition of probation and without cause (or time) for a sanction during his period of supervision.  The unauthorized affixing of the GPS monitor to Brock requires that the data collected as a result must be suppressed.

Brock is further entitled to suppress the fruits of the unlawful search.  "Fruit that must be cast aside includes not only evidence directly found by an illegal search but also evidence 'come at by exploitation of that illegality.'"  Utah v. Strieff, 579 U.S. 232, 245 (2016) (citing Wong Sun

5

v. United States, 371 U. S. 471, 488 (1963)). However, Brock will need discovery from the government to understand when in time it received the GPS data on Brock relative to the other evidence it intends to present at trial.

IV.    Conclusion

For the foregoing reasons, the data from Brock's GPS monitor must be suppressed, and the fruits flowing from that evidence must likewise be suppressed.

Respectfully submitted,

*John Pierce*

John P. Pierce, DC Bar No. 475101
CJA Counsel to Defendant Brock

**CERTIFICATE OF SERVICE**

I certify that on August 18, 2023, the foregoing was filed via e-file, which automatically serves a copy on all parties, and a courtesy copy was sent via email to Joshua.Gold@usdoj.gov, Cameron.Tepfer@usdoj.gov and Alexander.Schneider@usdoj.gov.

/s/    John Pierce