IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**WILLIAM BROCK**<br>　　　**Defendant.** | Case No: 23-CR-26 (RCL) |

**DEFENDANT BROCK'S REPLY TO THE GOVERNMENT'S
OPPOSITION TO HIS MOTION TO SUPPRESS GPS EVIDENCE**

I.　　Introduction

　　The Government opposes Defendant Brock's motion to suppress GPS evidence. Defendant Brock moved to suppress the evidence because the Court Services and Offender Supervision Agency (CSOSA) affixed the GPS monitor on Brock at the outset of his post-custodial supervision on the grounds that it was a court-ordered condition of supervision. As reflected in Brock's motion and opening brief [Brock Motion to Suppress GPS Evidence at 3 - 4], the record is ambiguous at best that GPS monitoring was a court-ordered requirement of Brock's supervision. The Government responds that the data it intends to introduce at trial was not collected from the initial GPS monitor affixed to Brock at the outset of supervision on court order, but from a second monitor affixed at the discretion of CSOSA as a sanction. Whether the

Government intends to offer GPS data as evidence from the first or second monitor, the record remains ambiguous as to CSOSA's authority to affix the monitor.

II.     Argument

CSOSA affixed a GPS monitor on Brock on or about July 23, 2020, upon his release from custodial sentences issued by D.C. Superior Court Judge Raffinan.  Brock Motion at 3.  CSOSA believed its authority to affix the GPS monitor at the outset of supervision was based on the order issued by Judge Raffinan on November 30, 2017.  Brock Motion at 3.  However, the court documentation is ambiguous on whether the Judgment and Commitment Order is only the two-page form, which does not include GPS monitoring as a condition of supervision, or whether the Judgment and Commitment Order contains a third page that references GPS monitoring as a condition.  Brock Motion at 2 – 3.  In previous litigation over the device affixed to Brock at the outset of his supervision in July 2020, D.C. Superior Court Judge Smith ruled that the Government had not sufficiently demonstrated that the GPS monitor should have been affixed as a court-ordered condition of probation and dismissed a prosecution against Brock for tampering with that initial GPS monitor.  Brock Motion at 4.

 In the Government's Opposition, it argues that CSOSA's authority to affix the GPS monitor in July of 2020 is irrelevant, because it alleges that initial monitor was removed on February 8, 2021, and a second monitor was affixed on March 8, 2021, at the discretion of CSOSA as a sanction for violating conditions of release after February 8, 2021.  Government Opposition at 13.  It is the second monitor, the Government argues, that collected the data it seeks to admit as evidence in Brock's upcoming trial.  Government Opposition at 13.

2

The government attaches to its Opposition as Exhibit D a "GPS Monitoring Referral Form" dated March 8, 2021, which, it asserts, reflects that the second monitor was affixed on Brock for up to 90 days as a CSOSA imposed sanction. The expiration of that sanction period would have been June 8, 2021. The Government attaches to its Opposition as Exhibit E a "GPS Monitoring Referral Form" dated June 24, 2021, which reflects the monitor was to be affixed for 90 days pursuant to a court-ordered condition of release.

The only court event of which Brock is aware and during which GPS monitoring could have been ordered as a condition of release was a show-cause hearing before D.C. Superior Court Judge Demeo on June 24, 2021 (the transcript for which is attached to this Reply as Exhibit A). In that hearing, Judge Demeo decided to allow Brock's counsel additional time to argue against probation revocation. (Exh. A at 21 – 24.) The parties discussed on the record with the Court the conditions of release that would apply pending the next hearing, such as drug treatment, drug testing, employment and reporting to the CSOSA officer. (Exh A at 28 – 30.) At the end of the hearing, the CSOSA officer stated:

> CSO CHAPELLE: As a matter of fact, since Mr. Brock is at court right now, if he could stop by CSOSA today I need him to go in for GPS review. Thank you.

(Exh. A at 30.)

Judge Demeo responded to the CSOSA request with "all right." (Exh. A at 31.) There is nothing from the Court following the "GPS review" at the CSOSA office to indicate the Court ordered GPS monitoring as a condition of Brock's release pending the next show-cause hearing. Yet the CSOSA paperwork submitted as the Government's Exh. E reflects that the Court had issued an order for 90 days of GPS monitoring.

Brock's show-cause hearing resumed on July 9, 2021, before D.C. Superior Court Judge Crowell, and continued to July 12, 2021, before D.C. Superior Court Judge Okun. (The transcript of the July 12, 2021, hearing before Judge Okun is attached to this Reply as Exh. B.) Judge Okun determined that the matter was not yet ripe for a revocation (Exh. B at 8) and continued the hearing to September 13, 2021. (Exh. B at 11.) As for the conditions of release, Judge Okun indicated that "the court ordered conditions will remain the same," which the judge understood included GPS. (Exh. B at 13.)[1]

The June 21, 2021, GPS monitoring condition was documented as a court-ordered condition of supervision (Government Opposition Exh. E) even though there is no record of a court order supporting that condition. Judge Demeo's remark of "all right" to a CSOSA request for a "GPS review" does not rise to a court order. Yet that is what the paperwork reflects, and thereafter subsequent judges, including Judge Okun, were led to believe court-ordered GPS monitoring was in place.

The June 21, 2021, GPS monitoring condition would have expired by September 21, 2021. The Government attaches as Exh. F to its Opposition yet another "GPS Monitoring Referral Form," this time dated September 29, 2021, eight days after the expiration of the June 21, 2021, monitoring period, and this time allegedly imposed as a CSOSA sanction and not a court-ordered condition of supervision. Yet there is no record of significant violations that would warrant the continued GPS monitoring past the September 21, 2021, expiration of the monitoring, particularly with no court order to support the June 21, 2021, monitor placement.

---

[1] It is unclear from this record whether Judge Crowell on July 9, 2021, addressed GPS monitoring and, if so, whether Judge Crowell addressed it as a court-ordered condition or a CSOSA sanction condition. (Exh. B at 6.) But the June 21, 2021, GPS Monitoring Referral form attached to the Government's Opposition as Exh E is the only Referral Form prior to Government's Exh F, which appears to be a GPS Monitoring Referral form dated September 29, 2021.

4

The Government relies on U.S. v. Jackson, 214 A.2d 464 (2019), and Atchison v U.S., 257 A.3d 524 (2021), as authority for the lawfulness of CSOSA's placement of the GPS monitoring device and subsequent use at trial of the data collected from those GPS monitors. However, Brock's facts are distinguishable from Jackson and Atchison in at least one fundamental way.

In both Jackson and Atchison, there is no question that CSOSA used its discretion to place the GPS monitors on its supervisees as a sanction. Jackson at 475 – 476; Atchison at 531. Contrary to clear facts in Jackson and Atchison on the basis for placements of the GPS monitors from which data was used to convict the defendants at trial, CSOSA has created an ambiguous and muddled record in Brock's case on whether either monitor was affixed based on court order or by CSOSA as a sanction. The original Judgment and Commitment Orders from November 30, 2017 (Government Opposition Exhs A, B and C) were ambiguous as to whether the Court authorized GPS monitoring from the outset of supervision, yet CSOSA used that as the basis to require GPS monitoring immediately upon Brock's release from custody.[2] Judge Smith concluded the orders were ambiguous and that the Government had not proved the basis for placement of Brock's first GPS device when she acquitted him of tampering with the device on October 8, 2021. (See, Exh. D to Brock's Motion to Suppress.) Likewise, CSOSA claims in its paperwork that the placement of Brock's monitor on June 21, 2021, was based on court order (see, Exh. E to Government's Opposition), yet the record is ambiguous at best that Judge Demeo's remark of "all right" created a court order to affix the GPS on Brock in response to CSOSA's request that Brock report to its office for a "GPS review." Exh. A at 30 – 31. Thereafter, the data collected via the GPS device,

---

[2] Brock understands the Government's argument that CSOSA's reliance on the ambiguous court order from November 2017 is irrelevant because that first GPS monitor that was a different device than the one that captured the data that the Government now seeks to submit as evidence in his trial in this case, but it nevertheless reflects the ambiguous record created by CSOSA from the outset of and throughout Brock's supervision.

whether reflecting a curfew violation or any other type of violation, was tainted and cannot support continuing with the monitoring after September 21, 2021, as a sanction imposed by CSOSA.

Throughout Brock's supervision, whether through affixing the first GPS monitor or improperly documenting the basis to continue monitoring with the second device, CSOSA created a confusing and ambiguous – if not misleading or worse -- record on the basis for the use of the GPS monitors. In this way, Brock's record is distinguishable from the records on which the Court relied for its decisions in both U.S. v. Jackson, 214 A.2d 464 (2019), and Atchison v U.S., 257 A.3d 524 (2021). The GPS monitor data that the Government seeks to use as evidence in this case should be suppressed.

III.   Conclusion

Defendant Brock's motion to suppress GPS monitoring data should be granted. Whether the data the Government intends to offer came from the first monitor affixed in July 2020, or the second monitor affixed in March 2021, the CSOSA records are not supported by the Court records. CSOSA was not authorized by court order to affix the GPS monitors on Brock despite the CSOSA records reflecting otherwise.

Respectfully submitted,

*John Pierce*

John P. Pierce, DC Bar No. 475101
CJA Counsel to Defendant Brock

## CERTIFICATE OF SERVICE

I certify that on September 19, 2023, the foregoing was filed via e-file, which automatically serves a copy on all parties, and a courtesy copy was sent via email to Cameron.Tepfer@USDOJ.gov and Alexander.Schneider@USDOJ.gov.

/s/   John Pierce